**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DONALD MCNEELEY,<br>Petitioner,<br>v.<br>STATE OF ALASKA,<br>Respondent. | Case No. 3:26-cv-00279-ACP-KFR |

## ORDER TO SHOW CAUSE AND RECOMMENDATION ON MOTION TO STAY

On July 28, 2026, self-represented Petitioner Donald McNeeley filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").[1] Mr. McNeeley is currently detained by the State of Alaska Department of Corrections pending extradition to face state charges in California.[2] For the reasons discussed below, Mr. McNeeley is **ORDERED** to file a response to this order in order to avoid dismissal of this case. In addition, the Court recommends that Mr. McNeeley's Expedited Motion for Stay of Extradition[3] be **DENIED**.

### I. SCREENING REQUIREMENT

A federal court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."[4] Habeas corpus is "a vital 'instrument for the protection of individual liberty' against government power."[5] A state prisoner who is not in custody pursuant to a state court judgment may challenge their extradition to another state through a habeas petition filed under 28 U.S.C.

---

[1] Docket 1. Mr. McNeeley also filed a motion for leave to proceed without prepaying the filing fee and a motion for the appointment of counsel. Docket 2; Docket 3.

[2] Docket 1 at 1; Docket 1-1 at 5, 8.

[3] Docket 5.

[4] 28 U.S.C. § 2241(a), (c)(3).

[5] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

§ 2241.[6]

A court must "promptly examine" a habeas petition.[7] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion."[8]

## II. DISCUSSION

### A. Exhaustion

The Court has reviewed the Petition and the docket records in what appears to be a related case that Mr. McNeeley brought in the Alaska Superior Court, *McNeeley v. State of Alaska*, Case No. 3KN-26-00607CI.[9] In the instant Petition, Mr. McNeeley seeks to challenge the legality of his extradition to California on the grounds that (1) he is not the person named in the extradition warrant issued by the State of Alaska, and (2) he did not commit the crimes with which he has been charged.[10] However, it appears that Mr. McNeeley is not entitled to federal habeas relief because he has not exhausted his state court remedies.

In a habeas action brought under § 2241, a petitioner "must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."[11] A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[12] The exhaustion requirement is satisfied when a petitioner "give[s] the state

---

[6] *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004); *see also Smith v. State of Idaho*, 373 F.2d 149, 155 (9th Cir. 1967).

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also* L. Habeas Corpus R. 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[8] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[9] The Court takes judicial notice of these docket records. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).

[10] Docket 1-1 at 2–4.

[11] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted);

[12] *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[13] Courts may waive the exhaustion requirement in § 2241 cases where any attempt to exhaust remedies would be futile,[14] where such remedies would be "inadequate or not efficacious," or where "irreparable injury" would result.[15] A petitioner bears the burden of demonstrating that at least one of these factors applies.[16]

On July 10, 2026, Mr. McNeeley filed a petition for writ of habeas corpus in his Superior Court case.[17] On August 12, 2026, after an evidentiary hearing, the Superior Court denied Mr. McNeeley's petition and closed the case.[18] Mr. McNeeley has not sought review of the Superior Court's decision in the Alaska Court of Appeals or the Alaska Supreme Court.[19] Those courts have jurisdiction to consider an appeal of a state superior court's decision on a petition for writ of habeas corpus.[20]

Because Mr. McNeeley has not raised the claims that he brings in the instant Petition at each level of the Alaska state courts, he has not exhausted his state court remedies. In addition, Mr. McNeeley has not alleged any basis for this Court to excuse the exhaustion requirement, which is "ordinarily not optional."[21]

The Court will therefore recommend that the Petition be dismissed without prejudice

---

[13] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[14] *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

[15] *Laing*, 370 F.3d at 1000 (describing these exceptions in the context of administrative remedies and concluding that "[s]imilar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies"); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (holding that "special circumstances" can excuse failure to exhaust in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown").

[16] *See Leonardo v. Crawford*, 646 F.3d 1157, 1161–62 (9th Cir. 2011).

[17] *McNeeley v. State of Alaska*, No. 3KN-26-00607CI, Docket Entry 07/10/2026.

[18] *McNeeley v. State of Alaska*, No. 3KN-26-00607CI, Docket Entry 08/12/2026.

[19] *See* Docket 1 at 2–3; Alaska Appellate Courts Case Management System, https://appellate-records.courts.alaska.gov/CMSPublic/Search.

[20] *See generally, e.g.*, *Evans v. State*, 820 P.2d 1098 (Alaska Ct. App. 1991); *Ford v. Moses*, 606 P.2d 795 (Alaska 1980).

[21] *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

unless Mr. McNeeley is able to show that the exhaustion requirement should be excused. To make such a showing, Mr. McNeeley must demonstrate that (1) any attempt to exhaust remedies would be futile,[22] (2) any state court remedies would be "inadequate or not efficacious," or (3) "irreparable injury" would result from failure to waive the exhaustion requirement.[23]

**B. Motion for Stay**

The Court also addresses the Expedited Motion for Stay of Extradition that Mr. McNeeley filed at Docket 5. In this filing, Mr. McNeeley asserts that a stay of his extradition is appropriate pursuant to Alaska Statute 12.70.090, contending that this statute "states that [he] may not be delivered to an agent of the demanding state unless and until [his Petition] is denied."[24]

"A stay is not a matter of right, but an exercise of judicial discretion, highly dependent on the facts of the particular case at hand."[25] In determining whether to exercise this discretion, a court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[26] The party requesting a stay must prove that their individual circumstances justify an exercise of that discretion.[27]

Here, Mr. McNeeley has not demonstrated that his circumstances justify a stay. As an initial matter, the Alaska state courts are the more appropriate forum to seek this relief,

---

[22] *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

[23] *Laing*, 370 F.3d at 1000 (describing these exceptions in the context of administrative remedies and concluding that "[s]imilar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies"); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (holding that "special circumstances" can excuse failure to exhaust in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown"); *Whelan v. Noelle*, 966 F. Supp. 992, 998–99 (D. Or. 1997) (discussing whether "special circumstances" warranted waiving exhaustion requirement for fugitive awaiting extradition to another state).

[24] Docket 5 at 2.

[25] *Nken v. Holder*, 556 U.S. 418, 433 (2009).

[26] *Id.* at 434. The last two factors merge where the government is the opposing party. *Id.* at 435.

[27] *Id.* at 433–34.

particularly given that Mr. McNeeley's argument for a stay is based on Alaska law. Moreover, Mr. McNeeley has not made a strong showing that he is likely to succeed on the merits of his federal Petition. Due to Mr. McNeeley's apparent failure to exhaust his claims in the Alaska state courts, it necessarily follows that he is unlikely to succeed on the merits of the Petition.[28] Under these circumstances, the Court cannot say that Mr. McNeeley will be irreparably harmed unless it issues a stay.[29] In addition, the interests of the public and the states involved in Mr. McNeeley's extradition proceedings weigh against issuing a stay, so as to respect the constitutional principles and "established principles of comity" at play in those proceedings.[30]

## III. CONCLUSION

For the foregoing reasons:

- Mr. McNeeley is **ORDERED** to file a written response to this order in which he attempts to show that the exhaustion requirement should be excused in this case. Mr. McNeeley's response is due on or before **September 8, 2026.** If Mr. McNeeley does not respond as ordered, the Court will issue a report and recommendation to dismiss the Petition for Mr. McNeeley's failure to exhaust his state court remedies.
- The Court recommends that Mr. McNeeley's Expedited Motion for Stay of

---

[28] The Court further notes that Mr. McNeeley's claim that he can disprove the State of California's allegations against him fails as a matter of law. "Once [a] governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan v. Doran*, 439 U.S. 282, 289 (1978). Thus, a habeas court in the asylum state may not second-guess "the demanding state's judicial determination that probable cause existed[.]" *Id.* at 290. As a result, this Court may not entertain Mr. McNeeley's argument that he "was elsewhere and in California during the time the alleged crimes took place." Docket 1-1 at 4.

[29] *See Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023).

[30] *Doran*, 439 U.S. at 290; *see also id.* at 287–88 (discussing how the Constitution's Extradition Clause was "intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed," and "to preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states"); *cf. also Manrique v. Kolc*, 65 F.4th 1037, 1044 (9th Cir. 2023) (holding that public interest "w[ould] be served by the United States complying with a valid extradition application because proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order" (internal quotation marks omitted) (quoting *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986))).

Extradition at Docket 5 be **DENIED**.[31] Mr. McNeeley may file written objections to this portion of the undersigned's order on or before **September 8, 2026.** Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support.[32]

DATED this 24th day of August, 2026, at Anchorage, Alaska.

s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

[31] Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge. *Id.* § 636(b)(1)(B). A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. *Id.* § 636(b)(1)(C). Here, in an abundance of caution, the undersigned treats Mr. McNeeley's Expedited Motion for Stay of Extradition as a dispositive matter. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) ("Where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." (alteration omitted) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013))).

[32] Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).